FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
______________ DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG - 3 1998

JAMES W. McCORMACK, CLERK
By: ______________ DEP CLERK

Mr. Kelvin Locke #103427

(Enter above the full name of the plaintiff, or plaintiffs, in this action.)

v. CASE NO. B-C- 98-74

Ms. Donna Brown, CMS* correctional medical Service
Ms. Linda Hunt
Mr. Bob Lynn and Mr. D. Bassham
(Enter above the full name of defendant or defendants, in this action.)

This case assigned to District Judge Woods
and to Magistrate Judge Young

I. Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No ✓

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this lawsuit

Plaintiffs: N/A

Defendants: N/A

2. Court (if federal court, name the district; if state court, name the county: N/A



DOCUMENT NUMBER 2
JAMES W. McCORMACK CLERK OF COURT

3. Docket Number: N/A

4. Name of judge to whom case was assigned: N/A

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?): N/A

6. Approximate date of filing lawsuit: N/A

7. Approximate date of disposition: N/A

II. Place of Present Confinement: HC-62 Box 300 Calico Rock, Ar 72519

III. There is a prisoner grievance procedure in the Arkansas Department of Correction. **Failure to complete the grievance procedure may affect your case in federal court.**

A. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

Yes ✓ No ____

B. If your answer is YES, Attach copies evidencing completion of the final step of the grievance appeal procedure. **FAILURE TO ATTACH THE REQUIRED COPIES MAY RESULT IN THE DISMISSAL OF YOUR COMPLAINT.**

C. If your answer is NO, explain why not: N/A

IV. Parties
(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff: Kelvin E. Locke

Address: HC-62 Box 300 Calico Rock, Ar 72519

Name of plaintiff: N/A

Address: ____

Name of plaintiff: N/A

Address: ____

(In item B below, place the full name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.)

Defendant: Ms. Donna Brown
Position : Infirmary Manager
Place of employment: Correctional Medical Services
Address: HC-62 Box 300 Calico Rock, Ar 72519

Defendant: Ms. Linda Hunt
Position : Infirmary Grievance Officer
Place of employment: Correctional Medical Services
Address: HC-62 Box 300 Calico Rock, Ar 72519

Defendant: Mr. Bob Lynn
Position : R.N./Nurse Supervisor
Place of employment: Correctional Medical Services
Address: HC-62 Box 300 Calico Rock, Ar 72519

Defendant: Mr. D. Basskam
Position : L.P.N.
Place of employment: Correctional Medical Services
Address: HC-62 Box 300 Calico Rock Ar 72519

Defendant: Correctional medical Service
Position :
Place of employment:
Address:

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

VI. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I declare under penalty of perjury (18 U. S. C. § 1621 that the foregoing is true and correct.

Executed on this 30 day of July, 1998.

Kelvin L. Locke
Signature(s) of plaintiff(s)

STATEMENT OF CLAIM

The defendant Brown violated the Plaintiff's rights when she failed to take any corrective measures to asure that the Plaintiff recieve his prescribed medication as ordered by the doctor. Defendant Brown was deliberate indifference to the Plaintiff's serious medical needs and she interfer with treatment ance it was prescribed. Defendant Brown also cause the Plaintiff cruel and unusual punishment.

The Plaintiff states that he was transfered to the North Central Unit at Calico Rock, Ar on the date of 2-9-98 from the Cummins Unit at Grady, Ar. The Plaintiff had been prescribed medication for hypertension prior to being transfered.upon the arrival at the North Central Unit the Plaintiff was interviewed by the defendant Bassham reviewed the Plaintiff's medical records and found the order for hypertension medication that was order by I believe a doctor Guy. He states that he did not recieve his medications as a result the Plaintiff had a light heart attack and had to be hospitalized. The Plaintiff has now been given medication for his hypertension. It is the responsibility of the Correctional Medical Services eployees to order the Plaintiff's much needed medication, which is why upon arrival at the North Central Unit, the inmates are orientated at the Infirmary by a nurse, in the Plaintiff's situation it was defendant Bassham. Defendant Bassham informed the Plaintiff that his prescribed medication would be ordered for him.

The defendant Lynn is over the nurses in the infirmary here at the North Central Unit. Defendant Lynn violated the Plaintiff's rights when he failed to make sure that his nursing staff had followed the doctors orders as to fill the order of hypertension medication. Defendant Hunt is the Grievance Investigator for the Infirmary here at the North Central Unit. Defendant Hunt violated the Plaintiff's rights when she fail to investigate the grievance properly and to make sure that the Plaintiff was provided with his much needed hypertension medication to prevent a heart attack and or stroke. The Plaintiff made many verbal complaints concerning the need for his hypertension medication, he was told by the nursing staff that his medication had been ordered and that it would be in any day and that there was no need for him to come back through sick-call, because it would be taken care of.

The Plaintiff's deprivation of his much needed medication was sufficiently serious and the named defendants acted with a sufficiently culpable state of mind. The named defendants were deliberately indifferent to the Plaintiff's serious medical need. All named defendants knew of the plaintiff's need of hypertension medication and disregarded that need. A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention, in the Plaintiff's situation a doctor has diagnosed the Plaintiff with having hypertension. All named defendants known or should have known that the Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate

the chance of the Plaintiff of having a heart attack and or stroke. The named defendants knew or should have known that the Plaintiff being without his hypertension medication created a condition of an excessive risk to the plaintiff's health and then failed to act on that knowledge, there's no excuse for the defendants action concerning the plaintiff not getting his much needed medication.

The Plaintiff's threat was "real and imediate" and not "conjectural or hypothetical". The nature of the plaintiffs injury and the serverity of his injury is as follows:

On 5-1-98 at 12:00 noon, plaintiff was seen on an emergency basis, with complaints of "feel bad, had tooth pulled." Upon examination, it was noted, plaintiff's blood pressure was elevated. Plaintiff were issued a lay-in from work and referred to J. Miller ANP. Ms. Miller, ANP treated plaintiffs hypertension with the drug, Clonidine. Plaintiff were given NTG 1/150 and Procardia 20mg sublingual. An EKG report revealed possible acute Myocardial Infraction. An ambulance was called for immediate transport to the Medical Center of Calico Rock. The plaintiff was given ASA 5grain per telephone order of Dr. Young before transportation for medical treatment. The plaintiffs blood pressure was 218/159 on the date of the emergency, the plaintiff stayed in intensive care for (2) two days at the Calico Rock Medical Center as a result of the named defendants not providing the plaintiff with his much needed prescribed medication for 63 days or so. There is verifying medical evidence in the record to establish the detrimental effect of the delay of hypertension medication.

There's sufficient evidence that all named defendants ignored an acute and or escalating situation and that delay adversely affected the plaintiff's prognosis. The record will show that the plaintiff did not recieve his hypertension mmedication from 2-9-98 untill the date of 5-1-98, the day of the plaintiff having his light heart attack. The delay of the plaintiff recieving his medication adversely affected the plaintiff's health.

All defendants known or should have known that they were violating clearly established law.

All named defendants are being sued in their individual and official capacity.

CERTIFICATE OF SERVICE

I, Kelvin E. Locke do hereby certify that I have maided a copy of the foregoing to the following this ___ day of _____, 1998.

Attorney for the Defendants

Ms. Donna Brown, et al.

Respectfully Submitted

by

______________________________

RELEIF

I seek $40,000.00 for compensatory damages from each defendant, I seek $40,000.00 for punitive damages from each defendant. I request a trial by jury in this case.

I declare under penalty of perjury (18 U.S.C. §1621 that the foregoing is true and correct.

Executed on this 30 day of July, 1998.

Respectfully Submitted

by Kelvin Eugene Locke